NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver Romine, | No. CV-16-00604-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| James Nicholas Stanton, | |
| Defendant. | |

On March 4, 2016, Plaintiff James Oliver Romine filed the Complaint (Doc. 1) in this matter. Service was executed on Defendant James Nicholas Stanton on March 15, 2016 (Doc. 5). On April 13, 2016, *pro se* Plaintiff filed an Amended Complaint (Doc. 9) without filing a Motion to Amend the Complaint, as required by Federal Rule of Civil Procedure 15(a)(2), and without complying with Local Rule 15.1(a).

A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the

merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Defendants have not yet answered Plaintiff's original Complaint,[1] but the period in which Plaintiff could have amended his Complaint as a matter of course has passed. As a result, absent Defendants' written consent, Plaintiff must file a Motion to Amend.

In addition, Local Rule 15.1(a) requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's proposed Amended Complaint (Doc. 9) does not comply with these provisions.

Because Plaintiff did not file a motion requesting leave to file an Amended Complaint, as required by Rule 15(a)(2), and did not attach an exhibit indicating how the Amended Complaint differs from the Complaint, as required by Local Rule 15.1(a), the Court will strike Plaintiff's Amended Complaint (Doc. 9) but give Plaintiff an opportunity to file a Motion to Amend by April 27, 2016.

///

///

///

///

---

[1] Per Court Order dated April 5, 2016 (Doc. 8), Defendants were granted a 30 day extension of time to answer the original Complaint (Doc. 1)

IT IS THEREFORE ORDERED striking Plaintiff's Amended Complaint (Doc. 9). Plaintiff may file a Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(a) by April 27, 2016.

Dated this 15th day of April, 2016.

Honorable John J. Tuchi
United States District Judge