James Oliver Romine Jr. Pro Se Litigant
12494 Ironwood Dr.
Yuma, Arizona 85367
928-276-1844
jromine2445@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES OLIVER ROMINE JR.<br><br>Plaintiff<br><br>v.<br><br>JAMES NICHOLAS STANTON<br><br>Defendant | Case No.: CV-16-00604-PHX-JJT<br><br>MOTION IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS<br><br>TRIAL BY JURY: No |

### PLAINTIFF'S MOTION IN RESPONSE TO MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

1. The Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Original Complaint is futile for the reasons stated within this Motion In Response to Motion for Dismissal.

### STATEMENT OF FACT AGAINST DISMISSAL FOR JURISDICTION

2. In Regards to Declaration of James Nicholas Stanton in support of Motion to Dismiss Exhibit A line items The Plaintiff asserts the following paragraphs:

1

3. The Defendant states in line item 19 that services are all provided from principle and only place of business Brandon, Mississippi. The Defendant states in Motion to Dismiss line item 20 that The Defendant does not do business in Arizona. In line item 23 The Defendant states that he does not sell anything in Arizona. In Attachment A1 is an image of a shirt purchased by The Plaintiff (one of at least five that are available on the page it is sold) with The Defendant's nickname on it which was shipped to The Plaintiff's Arizona address. Included is a receipt by Shark Robot LLC which is used by The Defendant to distribute his goods for personal profit as a sole proprietorship within The State of Arizona. **This proves line item statements 19, 20, and 23 to be false as The Defendant sells these products within The State of Arizona.** There is no way to ascertain how many products of The Defendant have been purchased in Arizona yet the fact that they are able to be purchased in The State of Arizona, and have been, this provides minimum contacts and that The Defendant does in fact do business in Arizona. The Plaintiff additionally asserts that the products sold in The State of Arizona are not remote to The Defendant's business and defamatory statements made in regards to The Plaintiff. The slogan on the T-shirt itself was coined by The Plaintiff's partner and is in use by The Defendant.

4. In 0:2012cv00472 Ventura v. Kyle The Defendant of that case was subject to personal jurisdiction for committing acts, through radio and publishing of text, outside of the State intended to cause and causing injury in Mr. Ventura's state. This recent precedent provides for 14th Amendment rights of Due Process for The Plaintiff including but not limited to the intentional publication of defamatory statements of and

2

concerning The Plaintiff through the direct use of The Plaintiff's good name. It is precisely the same as being hit with a car in Arizona by an out of state resident passing through. In this case The Defendant's 'car' is actually an Internet semi with a camera attached to display the show of The Plaintiff being run over to The Defendant's subscribers and then is followed by a thousand more cars following The Defendant's lead. The Plaintiff asserts merely the fact that this malicious damage was done on The Internet should not deny justice for The Plaintiff in his own State. Rule 4.2 Extraterritorial Jurisdiction states: "A court of this state(Arizona) may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."

5. As shown in Attachment A2 the 'donation' based service provides exclusive access to quote "A buck's the minimum to get into the comments and the stream on here". The Plaintiff asserts that this makes these 'donations' an actual subscription based service providing extra content. The Plaintiff could not locate a section that was limited by subscription, however, it implies to the user that in order to receive more content a minimum donation (monthly subscription) must be made. If this was changed in the past The Plaintiff is unaware. The Plaintiff has subscribed to The Defendant's service for a minimum of 3 months at $1 per month under the belief that it was required in order to access this additional content mentioned. This may have been changed in the past 8 months and would require a subpoena of Patreon data to ascertain. Whether the profit earned is subscription or donation when systematically

earned within The State of Arizona these are financial instruments for profit and provide additional minimum contacts within the State of Arizona.

## STATEMENT OF FACT TO DENY DISMISSAL FOR REASON OF USE OF AN LLC

6. The Defendant has requested dismissal due to the lack of The Plaintiff's sufficient grounds to cause action for use of LLC incorporation is futile for reasons stated in the paragraphs below.

7. In The Article as stated in The Complaint, The Defendant has used The Plaintiff's real name. Use of The Plaintiff's Name even in modified format 'Romino' does not deter the public and The Defendant's subscribers from knowing exactly who The Defendant is referring to. The Article was not a critique on a product but a news article reaching hundreds of thousands of consumers in The Plaintiff's market and depicts The Plaintiff directly as a US Person. The direct usage of The Plaintiff's name in The Article and in over a dozen other locations by The Defendant has brought these Counts against the Defendant by The Plaintiff for the direct damage to The Plaintiff's good name. The Plaintiff asserts being under an LLC does not disable The Plaintiff's constitutional rights to defend The Plaintiff's good name when publicly defamed by The Defendant's usage of that good name.

8. Had The Defendant only referred to the company Digital Homicide Studios throughout all of The Defendant's publications of false information and references then

4

the damage to The Plaintiff directly would have had significantly less impact and as such made less cause for action. The Defendant has emphasized The Plaintiff's name specifically as an attack on The Plaintiff's person and good name. Additionally. The Defendant specifically states The Plaintiff's name directly before the false accusations of theft of images.

## STATEMENT FACTS OF CLAIM

9. Statement of Claim has been made within The Complaint. It specifically states the amount in demand and a short description of what the cause of action is. Items 3 and 4 were posted as Statement of Claim as per the Arizona District Court prose.pdf for Pro Se Guide located at http://www.azd.uscourts.gov/sites/default/files/documents/prose.pdf . The Format of the complaint setup was adhered to per guidance on that site. Paragraph 2 states jurisdiction according to Rule 8(a1) and is labeled under The Defendant. According to Rule 8 (a2) Paragraph 3 is a statement of damages requested. Paragraph 4 states in one paragraph the cause of action, the damage to The Plaintiff, and that The Article and The Tweets are the cause, in a general and simple statement. Relief Demand at the bottom of the Complaint is also present per Rule 8(a3).

## STATEMENT OF FACT PROOF OF REPUTATION IN

## REGARDS TO DAMAGES CLAIMED

10. The Plaintiff is a continually advancing IT professional who has written three books on Internet Games published by John Wiley and Sons approximately 20 years ago. The Plaintiff had intent to use this reputation as is The Plaintiff's right of publicity to gain addition reputation and customers on future products related to previous publications.

11. Prior reputational involvement by The Plaintiff include IT professional at a financial institution overseeing systems in control of over a billion in financial assets and Systems Lead in charge of system level requirements for over $4.5 billion in the first F35 16 plane fighter squadron to go into functional operation in the world (non test environment).

12. Up until the end of 2014 when it expired The Plaintiff was CISSP certified which is one of the highest available ethical and information assurance certificates available. The Plaintiff's combined effort with his partner has sold just under half a million games in the past 21 months yet they are being systematically destroyed by The Defendant's subscribers following The Defendant's actions.

## STATEMENT OF FACT IN DENIAL OF DEFENDANT'S
## USAGE OF OPINION

13. The Defendant's "catch all" claim that everything in The Article cannot be verified as fact and then subsequently stating 'we can at least verify' with no specific direction as to what statements are facts or verified still creates an environment of a fact

based news article while trying to not take responsibility for the action. The Defendant's Youtube Channel specifically shows "Truth" as a reputable source for information and as such any false statements posted by The Defendant have damaging effect as they are stated. Criticism is entirely understood and legitimate for the industry. False and damaging statements do not qualify as free speech under the 1st Amendment. The show name Jimquisition refers to the inquisition which is prolonged questioning or investigation. To this date, the Defendant has not once emailed, not once contacted The Plaintiff to verify facts before publication.

14. The Statements of The Defendant have reached at a minimum the same amount of individuals as The Boston Globe has subscribers to its weekly newspaper and has a specific PC Game based audience. The general gamer population that subscribes to The Defendant's media outlets trusts The Defendant's words as the truth and fact and as such The Article and Tweets are not mere opinion. The Defendant's entire article is a direct attack upon The Plaintiff's good name and comes from a long history of disrespectful treatment of The Plaintiff magnified thousands of times over by The Defendant's subscribers. If The Defendant is 'appalled' at what his words can be instigated as having done what is described to The Plaintiff, no words could describe what The Plaintiff has been through due to The Defendant's words.

15. If The Plaintiff's Complaint sounded defensive at times it is because The Plaintiff has been under attack by The Defendant and The Defendant's subscribers for over 18 months in a business environment that The Plaintiff has invested everything

into and has no other options to continue elsewhere The Distributor is the source of 70+ percent of all PC Game downloads. The Defendant's statements and actions have caused direct reputational damage to The Plaintiff's ability to profit from his past and current reputation with future efforts. The Defendant's Article could have been avoided false accusations by contacting The Plaintiff prior to damage to The Plaintiff's reputation. The Defendant did not take action of **Last Clear Chance** doctrine to avoid damages nor proper duty of care required by all US persons to verify facts in regards to The Plaintiff before causing said damages.

I, James Oliver Romine Jr, depose and state that the content stated above is true and correct to the best of my knowledge, information, and belief and in support of the factual allegations contained within The Complaint.

RESPECTFULLY SUBMITTED this 5 day of May 2016

By: _____
James Oliver Romine Jr. Pro Se.
12494 Ironwood Dr.
Yuma, Arizona 85367
jromine2445@gmail.com
928-276-1844

Sworn to and subscribed before me this 5 day of May 2016.

_____
NOTARY PUBLIC

Alyssa L Becker
Notary Public
Yuma County, Arizona
My Comm. Expires 03-08-19

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2016, This Motion
In Response to The Defendant's Motion for Dismissal
of The Original Complaint was Mailed via the U.S. Postal
Office to:

HARTMAN TITUS PLC
Bradley P. Hartman
John D. Titus
7114 E. Stetson Drive, Suite 205
Scottsdale, Arizona 85251-3250
*Attorneys for Defendant*

_____
James Oliver Romine Jr. Pro Se

James Oliver Romine Jr. Pro Se Litigant
12494 Ironwood Dr.
Yuma, Arizona 85367
928-276-1844
jromine2445@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES OLIVER ROMINE JR.<br><br>Plaintiff<br><br>v.<br><br>JAMES NICHOLAS STANTON<br><br>Defendant | Case No.: 2:16-cv-00604-JJT<br><br><br>AFFIDAVIT OF VERIFICATION |

I James Oliver Romine Jr, depose and state that Attachment A1 is true and correct to the best of my knowledge, information, and belief and in support of the factual allegations contained within The Motion in Response to Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED this 5 day of May 2016

_____
James Oliver Romine Jr. Pro Se.
12494 Ironwood Dr.
Yuma, Arizona 85367

Sworn to and subscribed before me this 5 day of May 2016.

_____
NOTARY PUBLIC

Alyssa L Becker
Notary Public
Yuma County, Arizona
My Comm. Expires 03-08-19



Attachment A1

11

James Oliver Romine Jr. Pro Se Litigant
12494 Ironwood Dr.
Yuma, Arizona 85367
928-276-1844
jromine2445@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES OLIVER ROMINE JR.<br><br>Plaintiff<br><br>v.<br><br>JAMES NICHOLAS STANTON<br><br>Defendant | Case No.: 2:16-cv-00604-JJT<br><br><br>**AFFIDAVIT OF VERIFICATION** |

I James Oliver Romine Jr, depose and state that Attachment A2 is true and correct to the best of my knowledge, information, and belief and in support of the factual allegations contained within The Motion in Response to Defendant's Motion to Dismiss.

RESPECTFULLY SUBMITTED this 5 day of May 2016

James Oliver Romine Jr. Pro Se.
12494 Ironwood Dr.
Yuma, Arizona 85367

Sworn to and subscribed before me this 5 day of May 2016.

NOTARY PUBLIC

Alyssa L Becker
Notary Public
Yuma County, Arizona
My Comm. Expires 03-08-19

