Bradley P. Hartman (#017263)
John D. Titus (#012912)
**HARTMAN TITUS** PLC
7114 E. Stetson Drive, Suite 205
Scottsdale, AZ  85251-3250
Phone: (480) 659-0019
Fax: (480) 659-3304
Email: bhartman@hartmantitus.com
          jtitus@hartmantitus.com
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Oliver Romine Jr., | No. 2:16-cv-00604-JJT |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING, LACK OF PERSONAL JURISDICTION, AND FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)** |
| vs. | |
| James Nicholas Stanton, | |
| Defendant. | |

Defendant James Nicholas Stanton submits this reply in support of his Motion to Dismiss based on (1) Plaintiff's lack of standing as an individual to bring claims on behalf of his Arizona limited liability company, Digital Homicide Studios L.L.C. ("DHS"); (2) a lack of personal jurisdiction over Defendant in Arizona; and (3) Plaintiff's failure to state a claim for defamation pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff's reply does not address or refute the salient portions of the Motion to Dismiss.

**I.     LACK OF STANDING.**

On the issue of standing, Plaintiff does not deny that he is a manager of DHS, that DHS is the business that produces and distributes the games reviewed by Defendant, that DHS is the business that is the subject of the Article, or that DHS is the entity that suffers the alleged harm through alleged lost sales. (Doc. 1, Compl. ¶ 2.)  Rather, Plaintiff argues that his real name is used in the Article about DHS and so Plaintiff has personally suffered "direct damage to his good name." (Doc. 24, ¶ 7.)

This is an insufficient basis for converting a complaint that is focused on alleged defamation against DHS and alleged damage to DHS and its sales into a complaint about Plaintiff himself and his personal sufferings caused by being a manager of DHS and being referred to in the Article as "Romino" instead of "Romine." It is clear from the complaint that Plaintiff is asserting the claims of DHS and not himself individually. A.R.S. § 29-656 provides that "[a] member of a limited liability company, solely by reason of being a member, is not a proper party to proceedings by or against a limited liability company unless the object is to enforce a member's right against or liability to the limited liability company."

## II.  LACK OF PERSONAL JURISDICTION.

Regarding personal jurisdiction, Plaintiff points to an online reseller of t-shirts, Shark Robot LLC, from where Plaintiff purchased a shirt with a slogan on it relating to Defendant's business.

This sale does not support personal jurisdiction over Mr. Stanton in Arizona nor refute Mr. Stanton's declaration. The shirt purchased by Plaintiff was created, manufactured, sold and distributed by Shark Robot. (Doc. 20, Response to Motion to Dismiss ¶ 3.) Shark Robot is an independent business that sells t-shirts, posters, keychains, wallets, stickers and other items with a variety of designs created either by Shark Robot or its customers. Plaintiff has not alleged that Mr. Stanton has any ownership interest in Shark Robot or any control over the company or its business. In fact, Mr. Stanton does not own or control Shark Robot. Because Mr. Stanton has no control over Shark Robot, Mr. Stanton cannot control where Shark Robot sells its goods and cannot be "purposefully directing" business activities from Shark Robot to the State of Arizona.

Furthermore, the only evidence of a sale to Arizona by Shark Robot is the sale consummated by Plaintiff himself. A Plaintiff cannot manufacture personal jurisdiction in his home state simply by purchasing a product for delivery to the home state prior to filing a lawsuit.

Finally, this case has nothing to do with t-shirts or products distributed by Shark Robot. Plaintiff does not claim that the alleged libel arises from statements on t-shirts distributed by Shark Robot or that his injury arose from the purchase of a Shark Robot shirt. Thus, this transaction is entirely irrelevant to the issue of specific personal jurisdiction over Mr. Stanton in the State of Arizona.

Defendant argues that in *Ventura v. Kyle* defendant Chris Kyle was subject to personal jurisdiction in Minnesota based on statements he made on the radio and in a book published outside the State of Minnesota. Personal jurisdiction was never an issue in *Ventura* either because Kyle agreed that he was subject to personal jurisdiction in Minnesota or because he never challenged personal jurisdiction in Minnesota. The only reported decision in the case is *Ventura v. Kyle*, 8 F.Supp.3d 1115 (D. Minn. 2014). Personal jurisdiction is never discussed. A review of the case docket shows no motions regarding personal jurisdiction. There is no support for Plaintiff's suggestion that when a statement is broadcast over a radio (or on the internet) it subjects the speaker to personal jurisdiction in every state the transmission reaches.

## III.  **FAILURE TO STATE A CLAIM.**

Plaintiff's response to the Motion to Dismiss does little to refute the Motion. Defendant stands by the Motion and the legal arguments and cases cited therein.

Plaintiff cites the "Last Clear Chance" doctrine in arguing that Defendant did not take proper care to avoid injury to Plaintiff. The "Last Clear Chance" is a doctrine in the law of torts that is employed in personal injury cases when assessing contributory negligence between a defendant and a helpless or inattentive plaintiff. So far as Defendant can ascertain, no Arizona or federal court has ever applied the last clear chance doctrine to a defamation case.

Plaintiff also cites *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), noting that even a statement of opinion may often imply an assertion of fact (*e.g.*, the statement "In my opinion John Jones is a liar" may still imply a false assertion of fact). While true, this is an incomplete analysis. The *Milkovich* Court went on to address the test laid out in the Motion to Dismiss, namely, that defamation can only stem from factual

-3-

assertions that are capable of being proved true or false. *Id.* at 21. A writer's use of "loose, figurative" language can determine whether the statement can reasonably be interpreted as a factual allegation. *Id.* at 17, citing *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50, 108 S.Ct. 876, 879, 99 L.Ed.2d 41 (1988) (First Amendment precluded recovery under state emotional distress action for ad parody which "could not reasonably have been interpreted as stating actual facts about the public figure involved"); *Letter Carriers v. Austin*, 418 U.S. 264, 284-286, 94 S.Ct. 2770, 2781-2782, 41 L.Ed.2d 745 (1974) (use of the word "traitor" in literary definition of a union "scab" not basis for a defamation action under federal labor law since used "in a loose, figurative sense" and was "merely rhetorical hyperbole, a lusty and imaginative expression of the contempt felt by union members").

As noted in the Motion to Dismiss, statements of rhetorical hyperbole are not actionable as "[t]he law provides no redress for harsh name-calling." *Flowers v. Carville*, 310 F.3d 1118, 1127 (9th Cir. 2002). "A court is not required to strain and stretch the meaning of the statements in order to unearth some potential defamatory meaning." *Tennenbaum v. Ariz. City Sanitary Dist.*, No. CV-10-02137-PHX-GMS (D. Ariz. 2013).

In summary, none of the identified statements from the Article or Tweets rise to the level of defamation or justify Plaintiff's request that the Court take the drastic measure of quashing Mr. Stanton's First Amendment protections and his right to provide public commentary and critique regarding businesses like DHS and their products and business practices. The cited statements are either true, clearly opinion, rhetorical hyperbole, or cannot reasonably be interpreted as stating actual facts or facts capable of being proved true or false. Nothing alleged in the complaint can support Plaintiff's demand for over $10 million in damages.

Defendant requests dismissal of all claims.

RESPECTFULLY SUBMITTED this 13th day of May, 2016.

**HARTMAN TITUS PLC**

By: /s/Bradley P. Hartman
Bradley P. Hartman
John D. Titus
7114 E. Stetson Drive, Suite 205
Scottsdale, Arizona 85251-3250
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2016, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF System for filing and transmittal of Notice to the following CM/ECF registrant:

James Oliver Romine Jr.
12494 Ironwood Dr.
Yuma, AZ 85367
jromine2445@gmail.com
*Plaintiff*

/s/ Bradley P. Hartman