Bradley P. Hartman (#017263)
John D. Titus (#012912)
**HARTMAN TITUS** PLC
7114 E. Stetson Drive, Suite 205
Scottsdale, AZ  85251-3250
Phone: (480) 659-0019
Fax: (480) 659-3304
Email: bhartman@hartmantitus.com
       jtitus@hartmantitus.com
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver Romine Jr., | No. 2:16-cv-00604-JJT |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| James Nicholas Stanton, | |
| Defendant. | |

Defendant James Stanton responds in opposition to Plaintiff's *Motion for Leave to File Second Amended Complaint* [Doc. 33].   Defendant objects to the *Motion for Leave to Amend* because it is improper and untimely while a *Motion to Dismiss* is pending and also because the proposed amendment is futile.

A *Motion to Dismiss* was filed on May 10, 2016 [Doc. 19][1] and a decision is pending. Until an order is issued on the *Motion to Dismiss* it is a waste of judicial resources for the Court to consider an amendment to the complaint.  The proposed amendment does not change the legal principles and issues raised in the *Motion to Dismiss* and has no relevance at this point in the proceedings.  Only if the Court denies Defendant's *Motion to Dismiss* should a *Motion for Leave to Amend* be considered.

---

[1] The Motion to Dismiss was lodged on May 4, 2016, [Doc. 12] with a Motion to Exceed Page Limits [Doc. 13]. The Motion to Exceed Page Limits was granted on May 10, 2016 [Doc. 18] and the lodged Motion to Dismiss was filed by the Clerk the same day [Doc. 19].

Additionally, the *Motion to Amend* should be denied because the proposed amendment is futile. With the amendment Plaintiff seeks to replace a reference to 28 U.S.C. § 4101 (recognition of foreign defamation judgments) with a reference to A.R.S. § 12-541 (one-year statute of limitation on defamation claims in Arizona). Neither statute provides a cause of action for Plaintiff. There are no foreign judgments at issue in this case and the statute of limitations is a defense to a defamation claim and not a separate legal cause of action. The district court may deny leave to amend when the proposed amendment is futile and the underlying facts or circumstances relied upon by the plaintiff are not a proper subject of relief. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The *Motion for Leave to Amend* should be denied because a motion to dismiss is pending and because the proposed amendment is futile. Defendant should not be required to spend resources responding to a futile and irrelevant complaint amendment while the *Motion to Dismiss* is pending. At a minimum any decision on the *Motion for Leave to Amend* should be deferred until after the Court has ruled on the *Motion to Dismiss*.

RESPECTFULLY SUBMITTED this 4th day of October, 2016.

**HARTMAN TITUS PLC**

By: /s/Bradley P. Hartman
Bradley P. Hartman
John D. Titus
7114 E. Stetson Drive, Suite 205
Scottsdale, Arizona 85251-3250
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2016, I caused the foregoing document to be filed electronically with the Clerk of Court through CM/ECF System for filing and transmittal of Notice to the following CM/ECF registrant:

James Oliver Romine Jr.
12494 Ironwood Dr.
Yuma, AZ 85367
jromine2445@gmail.com
*Plaintiff*


/s/ Bradley P. Hartman

-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-