**WO**                  NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Oliver Romine,<br><br>                Plaintiff,<br><br>v.<br><br>James Nicholas Stanton,<br><br>                Defendant. | No. CV-16-00604-PHX-JJT<br><br>**ORDER** |

      At issue are the Motion to Dismiss (Doc. 19, MTD) filed by Defendant James Nicholas Stanton as well as two Motions to Amend (Docs. 11, 33), one amending the other, filed by *pro se* Plaintiff James Oliver Romine. While these Motions put the present state of Plaintiff's Complaint (Doc. 1) in a state of some uncertainty, the Court will grant one aspect of Defendant's Motion to Dismiss and allow Plaintiff and/or the Limited Liability Company (LLC) of which he is a member to file an Amended Complaint.

      Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim. "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may

consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In ruling upon a motion to dismiss for failure to state claim, a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Several of Defendant's arguments in the Motion to Dismiss may have merit. However, the Court's present analysis begins and ends with Defendant's first argument, that, according to his own allegations in the Complaint, it is insufficiently clear that Plaintiff is the proper party to bring his claims. (MTD at 3.) Arizona law provides, "A member of a limited liability company, solely by reason of being a member, is not a proper party to proceedings by or against a limited liability company unless the object is to enforce a member's right against or liability to the limited liability company." A.R.S. § 29-656. Arizona courts will sometimes disregard the corporate entity—or "pierce the corporate veil"—if a plaintiff pleads facts sufficient to show that the entity is the person's alter ego. *See Loiselle v. Cosas Mgmt. Grp., LLC*, 228 P.3d 943, 950 (Ariz. Ct. App. 2010). To allege alter ego liability, a plaintiff must "allege specific facts" to support a finding of an alter ego relationship and may not merely support the allegation with "conclusory statements regarding an alter ego relationship between individual and corporate defendants." *Barba v. Lee*, No. CV 09-1115-PHX-SRB, 2009 WL 8747368, at *5 (D. Ariz. Nov. 4, 2009).

In the Complaint,[1] Plaintiff alleges he is a video game developer and that Defendant published untrue critiques of his video games that constitute actionable libel. (Compl. ¶¶ 1-2.) In the Motion to Dismiss, Defendant produces evidence—which Plaintiff does not contest—that Plaintiff and his brother are managing members of an entity called Digital Homicide Studios LLC (DHS), the video game developer responsible for the video games that are the subject of Defendant's alleged statements underlying all of Plaintiff's claims. The Complaint does not contain allegations that the acts of video game development under scrutiny in Defendant's statements were acts of Plaintiff as an individual rather than of Plaintiff in the scope of his role as member of DHS. Indeed, the libelous statements Plaintiff alleges Defendant made were aimed at DHS's video games and the DHS development process. For example, in Count 1, Plaintiff alleges Defendant said, "It's also worth noting that Galactic Hitman's artwork has been taken from elsewhere, just like the initial art for The Slaughtering Grounds was." (Compl. ¶ 3.) Both "Galactic Hitman" and "The Slaughtering Grounds" are DHS products, and no allegation leads the Court to the plausible inference that Plaintiff somehow has an individual claim arising from this statement. Nor does the Complaint contain facts supporting a plausible inference that Plaintiff is the alter ego of DHS.

As for damages, Plaintiff principally seeks DHS's damages—lost and depreciating product value, lost advertising, and loss of future profits—though he also includes a prayer for "emotional and financial distress" damages. (Compl. at 17-19.) A similar situation arose in *Henderson v. Chase Home Finance, LLC*—a case from which Defendant apparently lifted two sentences of his argument without citation—and the Court concluded that the individual plaintiffs were not the proper parties to raise some or all of the claims they asserted, because the claims belonged to the LLC of which they were members. No. CV 09-2461-PHX-JAT, 2012 WL 4006686, at *7 (D. Ariz. Sep. 12, 2012).

---

[1] With respect to the analysis that follows, Plaintiff's several lodged Complaints are equivalent, so the Court evaluates the first-filed Complaint (Doc. 1).

- 4 -

At the very least, the Complaint is insufficiently clear under Rules 8 and 12(b)(6) for the Court to determine whether Plaintiff has any individual claims for damages in this matter or the claims all belong to DHS, a party as yet unnamed in this lawsuit. If Plaintiff attempts to maintain only individual claims and does not allege facts demonstrating an alter ego relationship with DHS, he may not seek individual damages arising from Defendant's comments on the acts of DHS or any damages for DHS's lost profits and the like—just as, for example, a fast food restaurant manager would not have a personal claim for lost corporate revenue resulting from untrue online criticism of the restaurant's hamburgers. Those claims belong to the entity. *See* A.R.S. § 29-656.

If DHS is indeed the proper party to some or all of Plaintiff's present claims, the Court notes that DHS, as an entity other than a sole proprietorship, cannot appear in this Court *pro se* and may appear and be heard only through licensed counsel. *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (noting that unincorporated entities may not appear *pro se*); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (noting that corporations may not appear *pro se*); *see also* 28 U.S.C. § 1654.

Because the Complaint is insufficiently clear as to whether Plaintiff is the proper party to bring his claims, the Court will grant Defendant's Motion to Dismiss. If a defect in a complaint can be cured, the plaintiff is entitled to amend it before a claim is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, the Court finds that the defects in Plaintiff's proposed claims, as discussed above, can be cured by amendment, and Plaintiff may thus file an Amended Complaint.[2]

IT IS THEREFORE ORDERED granting in part Defendant's Motion to Dismiss (Doc. 19), as detailed above.

---

[2] The Court cannot resolve Defendant's other grounds for dismissal without sufficient allegations in the Complaint regarding the proper Plaintiff and the scope of the claims. Defendant may re-raise these grounds if they still apply upon any filing of an Amended Complaint. However, prior to Defendant filing another Motion to Dismiss, the parties shall confer in good faith regarding the potential grounds for dismissal that still exist in an attempt to resolve them by Plaintiff's amendment of the Complaint.

1   IT IS FURTHER ORDERED denying as moot Plaintiff's two Motions to Amend (Docs. 11, 33).

IT IS FURTHER ORDERED that Plaintiff may file an Amended Complaint that complies with this Order by February 10, 2017. Claims made on behalf of an entity must be filed by a licensed attorney. Failure to timely file an Amended Complaint will result in dismissal of this case without further notice.

Dated this 13th day of January, 2017.

Honorable John J. Tuchi
United States District Judge